UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ANN G. QUILALA, et al, <br><br>Plaintiffs <br><br> v. <br><br> SUN POWER CORP., et al, <br><br> Defendants | CASE NO. 1:15-CV-1390 AWI BAM <br><br> ORDER CLOSING CASE IN LIGHT OF UNOPPOSED REQUEST TO DISMISS CASE WITH PREJUDICE <br><br> (Doc. No. 54) |

  This case was transferred to this Court on September 11, 2015, from the District of Hawaii. On October 14, 2015, defense counsel for Defendant Matriscope Engineering and Robert Tadlock filed a Notice of Voluntary dismissal and Notice of Settlement. See Doc. Nos. 54, 55. The Notice of Dismissal is a form from the Central District of California. See Doc. No. 54. The dismissal form is not one that is used in the Eastern District of California, but the form is signed by both Plaintiffs (who are pro se) and indicates that it is a dismissal of the entire action due to a settlement. See id. The Notice of Settlement is signed only by counsel for Defendants Matriscope Engineering Laboratories and Robert Tadlock. See Doc. No. 55. Prior to the filing of these notices, Defendants Mortenson Construction and Tom Gunkel filed an answer. See id. at Doc. No. 21. Mortenson Construction and Gunkel did not sign the Notice of Dismissal, nor have they otherwise responded to the Notice of Dismissal or Notice of Settlement. In fact, there have been no filings by any party subsequent to the October 14 notices.

  Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008). Where a defendant has served an answer, but has

not signed a stipulation to dismiss, a plaintiff's voluntary dismissal must be effected through Federal Rule of Civil Procedure 41(a)(2). See Fed. R. Civ. Pro. 41(a); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1999). Rule 41(a)(2) provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

Here, because Defendants Mortenson Construction and Gunkel have filed an answer, Plaintiff cannot unilaterally dismiss their lawsuit under Rule 41(a)(1)(A)(i). See Wilson, 111 F.3d at 692. However, because Plaintiffs are pro se, and there appears to be a settlement, the Court will view the Notice of Dismissal as a request for dismissal under Rule 41(a)(2). See Greenberg v. Centurion Inv. Grp., 145 F.R.D. 610, 612 (S.D. Fla. 1993). So viewing the notice, dismissal is appropriate. The answer of Defendants Mortenson Construction and Gunkel contains no counterclaims, over two weeks have passed without any response from any party following the filing of the notices (which means the requested dismissal is essentially unopposed), and the case appears to be settled. Given these considerations, the Court will grant Plaintiff's request and close this case. See Fed. R. Civ. Pro. 41(a)(2); Smith, 263 F.3d at 975.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Notice of Dismissal, which is construed as a request for dismissal under Federal Rule of Civil Procedure 41(a)(2), is GRANTED (Doc. No. 54) is GRANTED; and

2. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: November 3, 2015 _____
SENIOR DISTRICT JUDGE